NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TENSTREET, LLC,**
*Plaintiff-Appellant*

**v.**

**DRIVERREACH, LLC,**
*Defendant-Appellee*

---

2020-1101

---

Appeal from the United States District Court for the Southern District of Indiana in No. 1:18-cv-03633-JRS-TAB, Judge James R. Sweeney II.

---

Decided: October 19, 2020

---

PAUL A. STEWART, Knobbe, Martens, Olson & Bear, LLP, Irvine, CA, for plaintiff-appellant. Also represented by MICHAEL K. FRIEDLAND, LAUREN KATZENELLENBOGEN.

ANDREW M. MCCOY, Faegre Drinker Biddle & Reath LLP, Indianapolis, IN, for defendant-appellee. Also represented by LOUIS PERRY; JD SCHNEIDER, Denver, CO.

---

Before LOURIE, HUGHES, and STOLL, *Circuit Judges.*

HUGHES, *Circuit Judge*.

Tenstreet appeals the Southern District of Indiana's determination that its patented method of using peer-to-peer networking to verify employment history is directed to patent-ineligible subject matter under 35 U.S.C. § 101. Because the district court correctly determined that the claims of the patent-in-suit are directed to an abstract idea and lack an inventive concept, we affirm.

I

For motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, we apply the law of the regional circuit. *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016). The Seventh Circuit reviews a grant of a motion to dismiss *de novo*. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). We review patent eligibility under 35 U.S.C. § 101 *de novo. OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015).

The Supreme Court has established a two-part test for determining patent eligibility under 35 U.S.C. § 101. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014). "We must first determine whether the claims at issue are directed to a patent-ineligible concept." *Id.* If they are, we "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 78–79 (2012)).

II

Tenstreet owns U.S. Patent No. 8,145,575 (the '575 patent), which recites a method for using a peer-to-peer network to verify the employment history of job applicants, particularly for use in the truck driving industry, where such verification is required by regulation. Tenstreet

argues that the '575 patent claims are patent eligible because they provide three advantages over conventional processes for employment verification: (1) a single channel for routing transmissions; (2) the ability for job applicants to monitor the verification process; and (3) database storage of employment history.

The test for patent-eligible subject matter is not whether the claims are advantageous over the previous method. Even if the '575 patent provides advantages over manual collection of data, the patent claims no technological improvement beyond the use of a generic computer network. Accordingly, the district court correctly determined that the '575 patent claims are directed to the abstract idea of collecting, organizing, and storing data on a conventional computer network, and that the '575 patent claims recite no elements that transform them to patent-eligible applications. *Tenstreet, LLC v. DriverReach, LLC*, 417 F. Supp. 3d 1144, 1148 (S.D. Ind. 2019).

We have considered the appellant's remaining arguments and find them unpersuasive. We conclude that the district court correctly determined that the '575 patent claims are directed to patent-ineligible subject matter. Thus, we affirm the district court's decision.

**AFFIRMED**